Case 1:15-cv-00209 Document 23 Filed on 07/21/17 in TXSD Page 1 of 14

United States District Court
Southern District of Texas
**ENTERED**
July 21, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **JORGE L. SIFUENTES,** | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. B-15-209 |
| | § | |
| **NANCY A. BERRYHILL,** | § | |
| **ACTING COMMISSIONER OF** | § | |
| **SOCIAL SECURITY ADMIN.,** | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pending before the Magistrate Judge is the petition for review of the denial of Disability Insurance Benefits and Supplemental Security Income benefits filed by Jorge L. Sifuentes ("Sifuentes"). Dkt. No. 1.

Having reviewed the record and the pleadings, the Court recommends that the petition should be denied. There is substantial evidence to support the findings of the Administrative Law Judge ("ALJ").

**I. Background**

**A. Procedural History**

On April 14, 2014, Sifuentes applied to receive Disability Insurance Benefits and Supplemental Security Income. Dkt. No. 16-3, p. 8.[1] Sifuentes claimed that his disability effective date was February 25, 2014. Id. On August 11, 2014, Sifuentes's claim was denied. Id. On December 12, 2014, after reconsideration, Sifuentes's claim was again denied. Id. On August 13, 2015, a hearing was held before an ALJ. Id. On September 18, 2015, the ALJ decided that Sifuentes was not entitled to benefits. Id, p. 19. On October 8, 2015, the Appeals Council denied Sifuentes's timely request for review. Id, p. 1. Sifuentes has sought timely review of the Commissioner's decision in this Court.

---

[1] The citation to the record refers to the Bates-stamped number on each record page.

### B. Factual Context

Sifuentes was born in November 1990 and was 23 years old at the time of his claimed disability onset date. While Sifuentes lives in the Brownsville area, he was injured in Dallas, Texas. Dkt. No. 16-3, p. 15.

The ALJ found that Sifuentes suffered from "history of gunshot wound with residual neck and back pain; headaches, and asthma." Dkt. No. 16-3, p. 10. These findings, generally, are undisputed. Instead, Sifuentes disputes the ALJ's finding that Sifuentes has the residual functional capacity (or "RFC") to perform sedentary work.[2]

### C. Sifuentes's Medical History

During his treatment and the disability process, Sifuentes was examined by multiple doctors. A summary of their observations and findings follows.

On February 25, 2014, Sifuentes drove himself to the Texas Health Presbyterian Hospital emergency room, in Dallas, stating that he "was shot while in his car at a stop light." Dkt. No. 16-8, p. 323. According to Sifuentes, "another car pulled up beside him and opened fire." Id. A CT scan of his spine showed that the bullet fragments were in his soft tissues. Id, p. 327. "No visceral injuries [were] seen in the chest, abdomen or pelvis." Id, p. 329. The bullet was not removed from his back. Id, p. 357.

On June 2, 2014, Sifuentes made another trip to the emergency room, this time to Valley Baptist Hospital in Harlingen, Texas. Dkt. No. 16-8, p. 346. Again, Sifuentes was complaining of neck pain from the gunshot wound. Id. He claimed that the pain is exacerbated "when he has his arms up for too long and when he is trying to pass a bowel movement." Id. Another CT scan was performed on his spine. Id., p. 343. The scan showed

---

[2] Sifuentes is proceeding pro se in this court. Dkt. No. 1. In analyzing Sifuentes's claim, the Court is required to construe allegations by pro se litigants liberally, to ensure that their claims are given fair and meaningful consideration, despite their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). Sifuentes's complaint and his briefs all focus upon his physical limitations and his inability to work. Dkt. Nos. 1, 20, 22. In construing his complaint liberally, it appears that he is alleging that the ALJ erred in determining his RFC to work. As such, the discussion of the facts of this case will be limited to the facts which bear upon Sifuentes's physical ability to work.

"straightening of the normal lordotic cervical curvature which may be related to muscle spasm or positioning. No evidence of fracture or dislocation is seen." Id.

On June 18, 2014, Sifuentes was examined by Dr. Yasmin Maldonado. Dkt. No. 16-8, p. 357. Sifuentes reported that his neck and back pain "comes and goes, but it comes back like every 2-5 minutes." Id. He reported that he needed help to change his clothes; cannot carry his children; or do household chores. Id. On that same day, another image was taken of the cervical area of Sifuentes's spine. Id, p. 360. It showed a "mild straightening of lordosis related to positioning or muscle spasm", but "otherwise, normal plain radiographs of the cervical spine with the exception of a metal fragment in the posterior soft tissues." Id.

On May 26, 2015 – between the time that his claim was denied at the reconsideration stage and his hearing before the ALJ – Sifuentes went to the emergency room at Valley Baptist hospital in Brownsville, again, complaining of neck and back pain. Dkt. No. 16-8, p. 367. He was diagnosed with a thoracic sprain and prescribed cyclobenzaprine - a muscle relaxer- and ibuprofen, for the pain. Id, pp. 367-68.

### D. State Agency Evaluations

In addition to the evaluations conducted at the three different hospitals' emergency rooms, two state agency consultants – Dr. Kavitha Reddy and Dr. Teresa Fox – reviewed Sifuentes's medical records regarding his physical abilities as part of the SSI process.[3]

#### 1. Dr. Teresa Fox

On August 5, 2014, Dr. Fox, a state agency medical consultant, reviewed Sifuentes's medical records as part of the disability evaluation. Dkt. No. 16-4, pp. 82-83. Dr. Fox, in

---

[3] Several other state agency consultants reviewed Sifuentes's mental capacity as well. Because Sifuentes's briefing focuses on his physical limitations, the Court will not address the mental capacity evaluations. Even if the Court reviewed the ALJ's decision regarding Sifuentes's mental capacity claims, the result would be no different. Both of the state agency psychological consultants, who reviewed Sifuentes's medical history, concluded that any psychological impairments were "non-severe." Dkt. No. 16-3, p. 17. These opinions constitute substantial evidence in support of the ALJ's findings. Brown v. Astrue, 2009 WL 64117, *4 (N.D. Tex. 2009) (unpubl.).

completing a residual functional capacity assessment, concluded that Sifuentes had no exertional or non-exertional limitations on his ability to carry out tasks.

### 2. Dr. Kavitha Reddy

On December 14, 2014, Dr. Kavitha Reddy, a state agency medical consultant, reviewed Sifuentes's medical records in determining a residual functional capacity assessment. Dkt. No. 16-4, pp. 105-108. Dr. Reddy opined that Sifuentes could "occasionally" lift and/or carry 20 pounds; "frequently" lift/carry 10 pounds; stand, as well as walk and/or sit, for a total of 6 hours (in an 8-hour work day). Id., p. 507. Dr. Reddy further found that Sifuentes could climb ramps or stairs, as well as ladders, ropes or scaffolds; and could balance, kneel and crawl, stoop or crouch. Id., p. 106.

Before turning to and examining the specifics of the ALJ's decision in Sifuentes's case, it is first necessary to understand the disability determination process, as it relates to disability applications.

## II. Determining Disability – The Five-Step Process

A claimant must be disabled to receive benefits under Title II of the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Id.

To determine whether a claimant is disabled, the Commissioner is required to employ a sequential five-step process. 20 C.F.R. § 404.1520; Greenspan v. Shalala, 38 F.3d 232, 236 (5th Cir. 1994). The burden of proof lies with the claimant at each step; except for step five, which contains a shifting burden. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). If at any stage the claimant fails to make the required showing, the evaluation process stops and the claimant is determined to not be disabled. Harrell v. Bowen, 862 F.2d 471 (5th Cir. 1988).

### 1. Step One

In the first step, the claimant must show that he or she is not currently engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). Substantial gainful activity is

defined as work that involves "doing significant and productive physical or mental duties" and is "done (or intended) for pay or profit." 20 C.F.R. § 404.1510. If the claimant is working and the work constitutes substantial gainful activity, the claimant is not disabled. 20 C.F.R. § 404.1520(b).

### 2. Step Two

The second step of the process, requires the claimant to show that his or her impairment is medically severe. 20 C.F.R. § 404.1520(a)(4)(ii). A severe impairment is one which "significantly limits [the] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). Unless the impairment is expected to result in death, it must have lasted – or be expected to last – for at least 12 months. 20 C.F.R. § 404.1509. If a claimant cannot show a medically severe impairment that meets the duration requirement, the claimant is not disabled under the law. 20 C.F.R. § 404.1520(c). As noted, this showing applies to both physical and mental impairments.

### 3. Step Three

At the third step, the claimant must demonstrate an impairment that is listed in Appendix 1 to 20 C.F.R. § 404.1520(p) (a "listed impairment") – or is equal to a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant can show that the impairment meets the duration requirement and is a listed impairment, then he or she is adjudged to be disabled without regard to age, education, or work experience. 20 C.F.R. § 404.1520(d). If the claimant cannot show a listed impairment – or its equivalent – the process continues to step four. 20 C.F.R. § 404.1520(e).

### 4. Step Four

In step four, the claimant must show that he or she lacks the "residual functional capacity" to perform past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). Past relevant work is defined as gainful activity performed within the last 15 years, where the claimant's employment lasted long enough for the claimant to learn how it is performed. 20 C.F.R. § 404.1560(b)(1).

### a. Residual Functional Capacity.

Residual functional capacity "is an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities." Irby v. Barnhart, 180 Fed.Appx. 491, 493 (5th Cir. 2006)(unpubl.) (citing Social Security Ruling 96-8p).

In addressing complaints of pain, the ALJ is required to follow a two-step process. 20 CFR § 404.1529(a); Herrera v. Commissioner of Social Sec., 406 Fed.Appx. 899, 905 (5th Cir. 2010) (unpubl.). "Both SSR 96-7p and 20 C.F.R. § 404.1529 emphasize that subjective symptoms alone, absent some indication that they are supported by objective medical evidence, fail to support a disability finding." Salgado v. Astrue, 271 Fed.Appx. 456, 460 (5th Cir. 2008) (unpubl.). Thus, to establish a disability, the criteria in both steps must be satisfied.

The first step is a determination of whether the pain is the product of a medically determinable impairment "reasonably capable of producing the symptoms." SSR 96-7p. Complaints of pain "will not be found to affect [one's] ability to do basic work activities unless medical signs or laboratory findings show that a medically determinable impairment(s) is present." 20 CFR § 404.1529(b). "The ALJ proceeds to the second step only if the Claimant is found to have a medically determinable impairment that could cause the alleged symptoms." Winget v. Astrue, 2007 WL 4975206, *10 (W.D. Tex. 2007) (unpubl.). In other words, if the evidence does not objectively support a conclusion that the injury is reasonably capable of producing the pain, then a finding of no disability is required.

On the other hand, if the medical evidence objectively identifies an impairment that could reasonably produce the claimed pain, the inquiry turns to the level and impact of that pain. The second step in evaluating complaints of pain is to evaluate the "intensity, persistence, and limiting effects of the individual's symptoms" on their ability to do basic work activities. SSR 96-7p. In performing this evaluation, the ALJ considers the objective medical evidence; the claimant's testimony; the claimant's daily activities; the location, duration, frequency, and intensity of the individual's pain or other symptoms; factors that

precipitate and aggravate the symptoms; the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms. Id.

The ALJ also considers treatment – other than medication – that the individual receives or has received for relief of pain or other symptoms. These treatments can include things such as lying flat on his or her back; standing for 15 to 20 minutes every hour; or sleeping on a board. Finally, the ALJ also considers any other factors relating to the claimant's functional limitations and restrictions resulting from pain or other symptoms. Id.

One major factor in determining whether the claimant has the RFC to perform his or her prior relevant work relates to the level of exertion of that work.

### b. Exertion Level

The Commissioner classifies work based upon its exertion level. 20 C.F.R. § 404.1567. All jobs in the national economy are placed into one of five categories, from the lowest to the highest exertion level: sedentary, light, medium, heavy, and very heavy. Id. A finding that a claimant can perform a certain level of exertion also results in a finding that the claimant can perform lesser levels of exertion. For example, a finding – via the residual functional capacity – that a claimant can perform medium work necessarily results in a finding that the claimant can also perform work within the lesser included levels of exertion, i.e. light and sedentary. Id.

The opposite is also true. Social Security disability determinations are based upon the most that a claimant can do. 20 C.F.R. § 416.945. Thus, a finding that a claimant can perform work at the light level necessarily means that the claimant cannot perform work at the medium, heavy, or very heavy levels. 20 C.F.R. § 404.1567. In the fourth step of the process, the Commissioner compares the level of exertion that the claimant can perform with his prior relevant work.

If the claimant can perform at a level of exertion greater than or equal to the level required to perform his or her prior relevant work, the claimant is determined not to be disabled. If the claimant cannot perform work at a level of exertion greater than or equal to the level required to perform his or her prior relevant work, the process moves to step five.

### 5. Step Five

The fifth step requires the Commissioner to show that the claimant is capable of performing other work. 20 C.F.R. § 404.1520(a)(4)(v). Once the Commissioner makes the requisite showing, the burden shifts to the claimant to rebut the Commissioner. Masterson v. Barnhart, 309 F.3d 267, 272 (5th Cir. 2002).

The Commissioner considers the claimant's RFC as well as the claimant's age, education, and experience, in determining whether the claimant can perform other substantial work within the national economy. 20 C.F.R. § 404.1520(g)(1); Masterson, 309 F.3d at 272. Based upon these considerations, the Commissioner must show that the claimant can perform work in the national economy and that such work exists in significant numbers in that economy.

In making this determination, the ALJ takes into account the claimant's age. The Commissioner places the claimant into one of three age categories: (1) younger person, who is under age 50; (2) person closely approaching advanced age, who is 50 to 54 years old; (3) a person of advanced age, who is age 55 or older. 20 C.F.R. § 404.1563(c)-(e). However, the Commissioner "will not apply the age categories mechanically in a borderline situation." Id. A borderline situation is an instance in which the claimant is "within a few days to a few months of reaching an older age category." Id. In such instances, the Commissioner will consider whether placing the claimant in the older age category will result in a determination of disability; if that is the case, the Commissioner "will consider whether to use the older age category after evaluating the overall impact of all the factors [in any particular] case." Id.

If the Commissioner can show that the claimant can perform other substantial work within the national economy, the claimant is adjudged not to be disabled. 20 C.F.R. § 404.1520(g)(1). If the Commissioner fails to show that the claimant is capable of performing other work, or if the claimant successfully rebuts the Commissioner's findings, the claimant is found to be disabled and is entitled to disability benefits. Id.

### III. The ALJ's Decision

In step one, the ALJ found that Sifuentes had not engaged in substantial gainful activity since February 25, 2014. Dkt. No. 16-3, p. 10. That finding is not challenged.

In step two, the ALJ found that Sifuentes suffered a "history of gunshot wound with residual neck and back pain; headaches and asthma." Dkt. No. 16-3, pp. 10-11.

The ALJ – in his step three analysis – found that Sifuentes did not have an impairment or combination of impairments that "equal[ed]" a listed impairment, moving the process to step four. Dkt. No. 16-3, p. 13.

In step four, the ALJ found that Sifuentes had the RFC to perform sedentary work. Dkt. No. 16-3, pp. 13-16. The ALJ determined that Sifuentes could perform such work "with the following additional limitations: occasional postural manuevers such as balance, stoop, kneel, crouch, or crawl; occasionally climb ramps or stairs; avoid climbing ladders, ropes or scaffolds; occasionally overhead reach with the bilateral upper extremities; avoid exposure to fumes, odors, dust, gases, environments with poor ventilation, extreme heat, extreme cold, excessive noise, excessive vibration, dangerous machinery and unprotected heights; and simple routine repetitive tasks, not performed in fast paced production environment; involving only simple work related decisions; and relatively few workplace changes." Id, pp. 13-14.

In arriving at this finding, the ALJ considered Dr. Kavitha Reddy's RFC determination, but also "gave further consideration to the claimant and his wife's testimonies and found the claimant was more limited than Dr. Kavitha Reddy concluded." Dkt. No. 16-3, p. 16.

The ALJ found that Sifuentes was unable to perform his past relevant work. Dkt. No. 16-3, p. 17. Sifuentes's past work, as a farm laborer, was considered "medium in physical exertion," and the ALJ "accepted the vocational expert's testimony that an individual with the claimant's residual functional capacity would be precluded from performing the claimant's past relevant work." Id.

Based upon the testimony of the vocational expert, in step five, the ALJ found that there were sufficient jobs in the national economy, such as document preparer, telephone quotation clerk, and charge account clerk, that Sifuentes could still perform. Dkt. No. 16-3, pp. 18-19.

Based upon Sifuentes's RFC and his ability to perform sedentary work, the ALJ concluded that Sifuentes was not disabled. Dkt. No. 16-3, p. 19.

## IV. Applicable Law

### A. Standard of Review

The Court's review of the Commissioner's decision to deny disability benefits is limited to two inquiries: (1) whether the final decision is supported by "substantial evidence;" and (2) whether the Commissioner used the proper legal standards to evaluate the evidence. Newton v. Apfel, 209 F.3d 448, 452 (5th Cir. 2000). "Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion." Spellman v. Shalala, 1 F.3d 357, 360 (5th Cir. 1993) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. Moore v. Sullivan, 919 F.2d 901, 904 (5th Cir. 1990). If the Commissioner's findings are supported by substantial evidence, they are conclusive and must be affirmed. 42 U.S.C. § 405(g); Brown v. Apfel, 192 F.3d 492, 496 (5th Cir. 1999). "Conflicts within the evidence are not for the court to resolve." Selders v. Sullivan, 914 F.2d 614, 617 (5th Cir. 1990).

The decision by the ALJ must "stand or fall" on the rationale set forth in the ALJ's opinion. Newton v. Apfel, 209 F.3d at 455. The Court will not uphold the ALJ's decision by finding or creating a different, better, or more adequate basis. Securities and Exchange Commission v. Chenery Corp., 332 U.S. 194, 196 (1947). "Reviewing courts do not consider rationales supporting an ALJ's decision that are not invoked by the ALJ." Orr v. Commissioner of Social Security Administration, Civil No. 3:08-CV-1592-K, 2009 WL 2337793 at *9 (N.D. Tex. July 27, 2009) (citing Bagwell v. Barnhart, 338 F. Supp.2d 723, 735 (S.D. Tex. 2004)).

Furthermore, the Court generally employs a harmless error standard in reviewing administrative proceedings. Mays v. Bowen, 837 F.2d 1362, 1364 (5th Cir. 1988) ("Procedural perfection in administrative proceedings is not required"). The Court will not reverse a judgment unless "the substantial rights of a party have been affected." Id. (remand

was not warranted when the claimant would not have been found disabled, even if the Court applied his proffered standard).

## V. Analysis

As previously noted, the Court must construe Sifuentes's pro se complaint liberally, to ensure that his claims are given fair and meaningful consideration. Haines, 404 U.S. at 520. The crux of Sifuentes's claim is that he is completely disabled and unable to work. Dkt. No. 20, p. 4 (noting that the pain from the gunshot wound is "unbearable."). The ALJ found that Sifuentes was unable to perform his previous type of work, but was able to perform other jobs within his RFC. There does not appear to be any dispute regarding the ALJ's findings at the first three steps; Sifuentes is challenging the ALJ's finding at step four, that he can still perform work at the sedentary level. Accordingly, the Court will focus on whether the ALJ's findings regarding Sifuentes's RFC are supported by sufficient evidence.

The review of Sifuentes claim has one overarching limitation. It is not this Court's role to determine if Sifuentes is disabled. Instead, the Court is to determine whether the ALJ's decision is supported by substantial evidence. Carey v. Apfel, 230 F.3d 131, 135 (5th Cir. 2000) ("The court does not reweigh the evidence in the record, try the issues de novo, or substitute its judgment for the Commissioner's, even if the evidence weighs against the Commissioner's decision."). With this in mind, the Court turns to the question of whether the ALJ's decision is supported by substantial evidence.

In determining Sifuentes's RFC, the ALJ relied, in part, on the opinion of Dr. Reddy. Dkt. No. 16-3, p. 16. Dr. Reddy opined that Sifuentes could "occasionally" lift and/or carry 20 pounds; "frequently" lift/carry 10 pounds; could stand, as well as walk and/or sit for a total of 6 hours (in an 8-hour work day). Dkt. No. 16-4, p. 105. Dr. Reddy further found that Sifuentes could climb ramps or stairs, as well as ladders, ropes or scaffolds; and also could balance, kneel and crawl, stoop or crouch. Id., p. 106.

The ALJ, in reaching his ultimate conclusion, "gave further consideration to the claimant and his wife's testimonies and found the claimant was more limited than Dr. Reddy concluded." Dkt. No. 16-3, p. 16. Thus, in defining Sifuentes's limitations, the ALJ

considered the claimant's and the claimant's wife's testimony. Id, p. 14. Sifuentes testified that he had "difficulty lifting his arms, bending, walking long distances, standing more than 4 to 5 minutes and sitting more than 10 to 15 minutes." Id. He also claimed to be using a cane, because of his injuries, and that it would taken him 5 to 10 minutes to climb a flight of stairs. Id.

The ALJ found that Sifuentes could perform sedentary work. Dkt. No. 16-3, pp. 13-14. "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a). It appears that the ALJ adopted Dr. Reddy's analysis of Sifuentes's RFC, but put additional limitations on his ability to climb ladders, ropes and scaffolds and included limitations on the type of work environment that Sifuentes could work in (i.e. avoiding extreme temperatures, excessive noise, etc.).

The decision regarding RFC is the province of the Commissioner and not the doctors. 20 C.F.R. § 404.1527(e)(2). An "ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." Eggins v. Astrue, 351 F. App'x 909, 910 (5th Cir. 2009) (quoting Bradley v. Bowen, 809 F.2d 1054, 1057 (5th Cir.1987)). Furthermore, "[t]he determination of the disabling nature of the claimant's pain is within the ALJ's discretion and is entitled to considerable deference." McCall v. Shalala, 24 F.3d 240 (5th Cir. 1994).

In this case, the ALJ rejected portions of the physician's RFC opinion to the extent that it conflicted with that part of Sifuentes's testimony, that the ALJ found credible. That portion of Dr. Reddy's opinion is substantial evidence supporting the finding that Sifuentes can perform sedentary work. "A RFC assessment prepared by a state agency medical consultant, provided it is a function-by-function assessment . . . constitutes substantial evidence, at least where it is not wholly conclusory." Brown v. Astrue, 2009 WL 64117, *4 (N.D. Tex. 2009) (unpubl.) (collecting cases). To whatever extent the ALJ modified Dr.

Reddy's RFC analysis, the modifications were based upon the testimony of Sifuentes, which – for this purpose – the ALJ found to be credible. Thus, between the testimony of Dr. Reddy and the limitations identified by Sifuentes, there is substantial evidence in the record to support the conclusion that Sifuentes can perform sedentary work.

Sifuentes has provided additional medical records to support his claim that he is disabled. Dkt. No. 22. The Court does not consider new evidence that was not before the ALJ at the time that he rendered his decision. Burditt v. Massanari, No. A-00-CA-314 AA, 2001 WL 685522, at *8 (W.D. Tex. May 15, 2001). Furthermore, even if the Court were to consider the medical records, Sifuentes is asking the Court to re-weigh the evidence, which it cannot do. Carey, 230 F.3d at 135.[4]

This administrative appeal should be denied.

## VI. Recommendation

WHEREFORE the Court recommends that the petition for review of the denial of Disability Insurance Benefits and Supplemental Security Income benefits filed by Jorge L. Sifuentes be denied.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009). Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded

---

[4] Sifuentes is free to file a new application for benefits and submit his proffered medical evidence as part of that application.

by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

    DONE at Brownsville, Texas, on July 21, 2017.

                                              Ronald G. Morgan
                                              United States Magistrate Judge